IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL MAY                                                                                              PLAINTIFF

VERSUS                                                  CIVIL ACTION NO. 1:10CV303HSO-JMR

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
WEXFORD HEALTH SOURCES, INC.,
GEORGE COUNTY, MISSISSIPPI BOARD OF SUPERVISORS,
and JOHN DOES 1-10                                                                                  DEFENDANTS

## COMPLAINT

### JURY DEMAND

**COMES NOW,** Plaintiff Michael May and files this his Complaint against the Mississippi Department of Corrections, Wexford Health Sources, Inc., George County, Mississippi Board of Supervisors, and John Does 1-10, and would show unto the Court the following, to wit:

### I.     THE PARTIES

1.     Plaintiff Michael May is an adult resident citizen of George County, Mississippi and this judicial district, who resides at 104 Gibson Road, Lucedale, Mississippi.

2.     Defendant Mississippi Department of Corrections is a Mississippi governmental entity who can be served with process by service on its Commissioner, Mr. Christopher B. Epps, 723 N. President Street, Jackson, Mississippi 39202.

3.     Defendant Wexford Health Sources, Inc. (hereinafter "Wexford") is a Florida Corporation with its principal place of business located at 425 Holiday Drive, Foster Plaza Two, Pittsburgh, Pennsylvania 15220. Defendant Wexford can be served

1

with process by service on its agent for process, Corporation Service Company, 506 S. President Street, Jackson, Mississippi 39200.

4. Defendant the George County, Mississippi Board of Supervisors can be served with process by service on the Chancery Clerk of George County, Mississippi, Ms. Cammie Byrd, 355 Cox Street, #A, Lucedale, Mississippi 39452.

5. Defendants John Does 1-10 are the agents, representatives and employees of the aforementioned Defendants who performed the acts, omission and wrongful conduct that is described in this Complaint.

## II. SUBJECT MATTER JURISDICTION AND VENUE

6. Plaintiff hereby incorporates by reference the allegations and averments contained in paragraphs 1 through 5 of this Complaint as if completely restated herein.

7. This Court has jurisdiction because Plaintiff's causes of action include federal questions arising under Title 42 U.S.C. Section 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution. Further, this Court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 because the state law claims are so closely related to the Title 42 and U.S. Constitutional claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

8. Venue is proper in this Court because the acts, omissions and wrongful conduct of Defendants that is the subject matter of this Complaint occurred in George County, Mississippi and in this judicial district.

## III. FACTS

9. Plaintiff hereby incorporates by reference the allegations and averments contained in paragraphs 1 through 8 of this Complaint as if completely restated herein.

10. At all times relevant hereto, Plaintiff was an insulin dependent diabetic.

11. At all times relevant hereto, Defendant the Mississippi Department of Corrections (hereinafter "MDOC") operated the George/Greene County Regional Correctional Facility.

12. At all times relevant hereto, George County, Mississippi, its agents, employees and representatives, including, but not limited to, employees, officers and agents of the George County, Mississippi Sheriff's Department, assisted the MDOC in running and operating the George/Greene County Regional Correctional Facility. At all times relevant hereto, George County, Mississippi, its agents employees and representatives housed and kept its prisoners and persons they arrested at the George/Greene County Regional Correctional Facility.

13. At all times relevant hereto, Defendant MDOC and Defendant George County used borrowed servants to operate the George/Greene County Regional Correctional Facility.

14. At all times relevant hereto, Defendant MDOC contracted with Defendant Wexford for Wexford to provide health care to persons incarcerated at facilities of the MDOC, including, but not limited to, the George/Greene County Regional Correctional Facility. At all times relevant hereto, Defendant Wexford had duties to provide health care to all persons imprisoned, incarcerated and/or held at the George/Greene County Regional Correctional Facility, with that health care to be, at a minimum, to a degree of care, skill, and diligence which would have been provided by a reasonably prudent, minimally competent physician or health care professional when faced with the same or similar circumstances.

15. On or around April 5, 2009, Plaintiff was stopped while leaving a store by officers of the George County, Mississippi Sheriff's Department. In making that stop, those officers wrongfully arrested Plaintiff without sufficient cause or justification, thereby violating Plaintiff's constitutional rights. Further, those officers used excessive force and otherwise acted with deliberate indifference for Plaintiff's constitutional rights, including, but not limited to, their actions in picking Plaintiff up by his throat while he was handcuffed.

16. At that time of that wrongful stop, repeatedly thereafter and throughout the time of Plaintiff's incarceration and detention, Plaintiff repeatedly informed those officers, the officers at the George/Greene County Regional Correctional Facility, and employees, agents, representatives, servants, borrowed servants and officers of the George County Sheriff's Department, the George/Green County Regional Correctional Facility, Wexford Health Sources, Inc., and/or the Mississippi Department of Corrections, that he needed his prescribed insulin for his diabetes, and that he was in need of medical care. Throughout that time, Plaintiff was in obvious need of significant medical care, treatment and/or attention. At all times then and thereafter, Defendants herein, and their employees, agents, representatives and borrowed servants negligently, grossly negligently, intentionally, with malice, willfully and recklessly with complete disregard for Plaintiff's rights deprived Plaintiff of that needed medical care in violation of his constitutional rights, thereby exhibiting deliberate indifference to his serious medical needs and violating his Eight Amendment rights in a manner repugnant to the conscious of mankind.

17.     After Plaintiff's arrest, he was transported to and incarcerated at the George/Greene County Regional Correctional Facility. The George/Green County Regional Correctional Facility is a facility operated by and under the umbrella of the MDOC. Throughout the time Plaintiff was at that facility, Defendant Wexford, its agents, representatives, employees and servants breached their duties of care to Plaintiff as a company and persons in the business of providing medical treatment, and Wexford, its employees, agents and representatives otherwise breached their duties to Plaintiff that they owed to him as a third party beneficiary under Wexford Health Sources' contract with Defendant MDOC.

18.     Throughout the time he was incarcerated at that Correctional Facility, Plaintiff was in obvious need of medical attention and care, repeatedly vomited and repeatedly requested his insulin, of which he was in desperate need. Throughout that time, the officers at the George/Greene County Regional Correctional Facility, and employees, agents, representatives, servants, borrowed servants and officers of the George County Sheriff's Department, the George/Green County Regional Correctional Facility, Wexford, and/or the MDOC knew or should have known that Mr. May was in significant need of medical care. Despite this knowledge, those entities and persons deprived Plaintiff any treatment with deliberate indifference of his needs. All of those parties and persons had duties to provide Plaintiff with medical care, and they all breached those duties.

19.     Plaintiff was deprived of an initial appearance and bond hearing during his incarceration in that aforementioned correctional facility. Further and accordingly, Plaintiff was not informed of the charges against him or his constitutional rights,

including, but not limited to, the right to counsel, at his initial appearance and bond hearing. These failures violated Plaintiff's constitutional rights.

20. On the third day in that correctional facility, Plaintiff went into a diabetic coma. At that time, he was taken to George County Regional Hospital. He was then transported to Providence Hospital in Mobile, Alabama, where he remained in the intensive care unit for an extended period of time. During that time Plaintiff incurred substantial medical bills, while also suffering loss of enjoyment of life, pain and suffering and other injuries.

21. All of the aforementioned acts, omissions and violations of Plaintiff's rights by Defendants were done intentionally, willfully, negligently, with malice and with reckless disregard for Plaintiff's rights, while also constituting deliberate indifference for Plaintiff's rights, and were the proximate, direct, efficient and sole cause of damages to Plaintiff, including, but not limited to past and future medical bills, loss of wages, loss of earning capacity, pain and suffering, emotional distress, and other continuing medical injuries and expenses. Plaintiff will also incur attorneys fees and costs in this matter.

## COUNT I

### IV. CLAIM PURSUANT TO 42 U.S.C. § 1983 FOR VIOLATION OF CIVIL RIGHTS AND DEPRIVATIONS OF FOURTH, FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS

22. Plaintiff hereby incorporates by reference the allegations and averments of paragraphs 1 though 21 of this Complaint as if completely restated herein.

23. At all times material hereto, Defendants MDOC and George County were vested with state authority and non-delegable responsibilities of adhering to, complying with the laws of the United States regarding persons subject to stops, seizures and

incarceration or detention. Those duties include, but are not limited to, affording persons subject to stops, seizures, incarceration and detention all the rights afforded by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

24. While acting under color of state law, Defendants MDOC and George County, their agents, representatives, employees, commissioners, directors and supervisors commenced to engage and engaged in a course of conduct and to implement a policy, custom, use, plan and practice to deprive persons of their of their Fourth, Fifth, Sixth, Eight, and Fourteenth Amendment rights by engaging in actions, wrongful conduct and practices such as they engaged in related to Plaintiff herein.

25. Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of persons, including Plaintiff's, rights of the laws of the United States pursuant to the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, including, but not limited to, the Plaintiff's right to not be subjected to illegal and unreasonable searches and seizures, cruel and unusual punishment, unlawful detention, excessive use of force, deprivation of identifiable civil rights, unnecessary wanton infliction of pain and emotional distress in light of the circumstances confronted by Defendants, actions malicious against Plaintiff by using force, physical violence and omissions designed and intended to cause Plaintiff physical, mental and emotional harm, pain, humiliation and injury, and Plaintiffs rights to equal protection of the laws, to preliminary hearings, and the rights to procedural and substantive due process.

26. Defendants performed all the actions, omissions and constitutional violations herein with deliberate indifference for the rights of Plaintiff and his immediate needs, all of which directly caused and contributed to the injuries to Plaintiff that are

complained of in this Complaint. Defendants committed all the actions, omissions, policy, regulation, uses, plans, customs and practices described herein, willfully, intentionally, and with reckless disregard for Plaintiff's rights.

27. At all times material hereto, Defendants, their agents, representatives and employees acted pursuant to those aforementioned policies, regulations, decisions and practices of Defendants, which were officially adopted or promulgated by those persons whose acts may fairly be said to represent the official policy of Defendants or were pursuant to the custom, usage and practice of Defendants.

28. As a direct and proximate result of the aforementioned policies, practices and actions of Defendants, which were carried out in regards to Plaintiff, Plaintiff was deprived of his U.S. Constitutional rights, as stated *supra*, and his corresponding rights afforded by the Mississippi Constitution, and he suffered immediate and irreparable injury resulting from the violation of his constitutional rights, privileges, immunities. Further, Defendants' wrongful actions, omissions and constitutional violations, as outlined herein, were the sole proximate and efficient cause of all of Defendants' aforementioned damages. Plaintiff is also entitled to punitive damages for Defendants' willful and intentional conduct in reckless disregard for Plaintiff's rights.

29. Attached to this Complaint as Exhibit "A" is a letter that was served on all Defendants in this cause of action.

## COUNT II

### V.   FAILURE TO ADEQUATELY TRAIN, SUPERVISE AND PROVIDE COMPETENT EMPLOYEES, OFFICERS, CONTRACT SERVANTS AND BORROWED SERVANTS

30.   Plaintiff hereby incorporates by references the allegations and averments in paragraphs 1 through 29 of this Complaint as if completely restated herein.

31.   Defendants MDOC and George County failed to provide adequate and competent training and/or supervision to its employees, officers, contract servants and borrowed servants who performed the actions, omissions and constitutional violations of Plaintiff as described *supra*, and otherwise in circumstances arising out of the course of conduct of stopping, detaining, incarceration persons, providing care, attention and treatment to persons, and providing and affording persons their constitutional rights. Defendants MDOC and George County had non-delegable duties to provide persons with their constitutional rights, and to formulate, oversee and implement official and customary policies, practices and procedures that were carried out by its employees, officers, contract servants and borrowed servants. Further, Defendants MDOC and George County failed to provide competent medical personnel and attention to those persons those Defendants detained, seized and incarcerated. Those actions, negligence, and omissions by Defendants MDOC and George County were performed with deliberate indifference for the rights of persons, including, but not limited to Plaintiff.

32.   As a direct and proximate result of the aforementioned failures on the part of Defendants MDOC and George County to properly develop, implement and otherwise devise policies and customs of practice, and otherwise their failures to properly and

adequately supervise and train their employees, officers, contract servants and borrowed servants, the Plaintiff was deprived of his constitutional rights as alleged *supra*.

33. Defendants MDOC and George County's failures and omissions outlined in regards to this count were so grossly negligent and were done with such reckless disregard for Plaintiff's rights as to constitute deliberate indifference for Plaintiff's rights and disregard for the rights, privileges and immunities owed to Plaintiff and any other persons similarly situated. Accordingly, Defendants MDOC and George County are liable pursuant to 42 U.S.C. § 1983 for the damages and constitutional violations incurred by Plaintiff.

## COUNT III

### VI. MEDICAL MALPRACTICE AND BREACH OF DUTY TO THIRD PARTY BENEFICIARY AGAINST DEFENDANT WEXFORD

34. Plaintiff hereby incorporates by reference the allegations and averments of paragraphs 1 through 33 of this Complaint as if completely restated herein.

35. At all times relevant hereto, Defendant Wexford, its agents, employees and representatives had contractual and professional duties to Plaintiff to monitor his health, to ensure that he was of adequate and sufficient health, to ensure that his health was not endangered, to care for his health, to provide him health care and services, to provide him with his insulin, to care for his diabetic condition, and otherwise to keep him safe and healthy.

36. At all times relevant hereto, Defendant Wexford, its agents, employees and representatives had a medical professional/patient relationship with Michael May, otherwise undertook initially to or had a duty, whether contractually or as medical professionals under the circumstances, to provide medical services to Michael May,

10

knowingly, intentionally, and through reckless disregard for Michael May's rights failed and refused to provide Michael May any medical services and failed to comply with the standard of care of a professional under the circumstances, and Michael May relied on Wexford to provide those services up to the standard of care.

37. At all times material hereto, Defendant Wexford, its agents, employees and representatives failed to provide those services to Plaintiff, which it was contractually obligated to perform, and otherwise failed and refused to provide those services and treatment to Plaintiff, thereby constituting professional medical negligence, with those failures, acts and omissions constituting a breach of the standard of care that a health care provider such as Wexford, and its agent, employee and representative health care professionals would and should have provided to Plaintiff under the circumstances. Wexford, its employees, agents and representatives performed those wrongful acts and omissions negligently, grossly negligently, intentionally, willfully and with reckless disregard for Plaintiff's rights.

38. Those actions and failures of Wexford, its agents, representatives and employees were the direct and proximate cause of all of Plaintiff's damages as complained of herein. Plaintiff is also entitled to punitive damages from Defendant Wexford for its conduct as alleged herein.

39. Attached to this Complaint as Exhibit "B" is an affidavit signed by Plaintiff's counsel regarding Plaintiff's compliance with the requirements of Mississippi Code regarding notice to medical professionals and companies for claims related to professional negligence.

## COUNT III

### VII.   CLAIMS AGAINST DEFENDANT GEORGE COUNTY FOR BATTERY AND ASSAULT

40.   Plaintiff hereby incorporates by reference the allegations and averments of paragraphs 1 through 39 of this Complaint as if completely restated herein.

41.   As a direct and proximate result of the wrongful acts and omissions on the part of Defendant George County regarding the use of physical force against Plaintiff, which constitutes the tort of assault and battery, Plaintiff suffered and continues to suffer physical injuries, past and future medical expenses, and emotional distress. Plaintiff is thus entitled to monetary judgment against George County and its employee officers who made the stop, both jointly and severally.

## COUNT IV

### VIII.   CLAIMS AGAINST DEFENDANTS FOR NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42.   Plaintiff hereby incorporates by reference the allegations and averments of paragraphs 1 through 41 of this Complaint as if completely restated herein.

43.   Through their actions outlined above, which were done maliciously, grossly negligently, intentionally, willfully, and with reckless disregard for Plaintiff's rights, Defendants intended to severe emotional distress upon Plaintiff.

44.   Defendants, through their conduct outlined herein, negligently inflicted emotional distress upon Plaintiff.

45.   As a direct and proximate result of the wrongful acts and omissions of Defendants as described herein, Plaintiff suffered and continues to suffer severe emotional distress. Accordingly, Plaintiff is entitled to judgment against Defendants in an

amount to fully compensate him for his emotional distress, as well as punitive damages from Defendants.

## COUNT V

### IX. CLAIMS AGAINST DEFENDANTS FOR FALSE IMPRISONMENT

46. Plaintiff hereby incorporates by reference the allegations and averments of paragraphs 1 through 45 of this Complaint as if completely restated herein.

47. Defendants wrongfully and unlawfully detained Plaintiff against his will.

48. As a direct and proximate result of the Defendants' wrongful and unlawful acts and omissions in unreasonably detaining and unlawfully imprisoning Plaintiff, with those actions constituting the tort of false imprisonment, Plaintiff suffered and continues to suffer physical injuries, past and future medical expenses, and emotional distress, as well as other past and future damages. Plaintiff is thus entitled to monetary judgment against the Defendants in an amount to fully compensate him for his physical injuries, past and future medical expenses and emotional distress, and an amount to otherwise fully compensate Plaintiff for all actual and consequential damages sustained and to be sustained by him, as well as punitive damages.

## COUNT VI

### X.   ATTORNEY'S FEES AND PUNITIVE DAMAGES

49. Plaintiff hereby incorporates by reference the allegations and averments of paragraphs 1 through 48 of this Complaint as if completely restated herein.

50. Pursuant to 42 U.S.C. § 1983, Plaintiff is entitled to the award of reasonable attorneys' fees as part of the costs and consequential damages of prosecuting this cause of action for violations of his U.S. Constitutional, Mississippi Constitutional

and Civil Rights. Plaintiff is also entitled to punitive damages against Defendants to deter the conduct they exhibited toward Plaintiff, as is described herein.

## XI.   PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays for the following relief:

1. For a monetary judgment against Defendants, jointly and severally, in an amount to fully compensate him for all actual and consequential damages, as described herein, stemming from Defendants acts, omissions, and violations of Plaintiff's Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution, as well as the corresponding provisions of the Mississippi Constitution arising out of the facts, actions and duties described *supra* and herein, for which Defendants are liable and responsible, with those damages being in an amount to be determined by a jury;

2. Attorneys' fees, interest and costs from date of judicial demand;

3. Punitive damages; and

4. All other general and specific relief this Court deems appropriate.

**RESPECTFULLY SUBMITTED** on this the 2nd day of July, 2010.

PLAINTIFF

By: _____
Gary Yarborough, Jr. (MSB # 102310)
HESSE & BUTTERWORTH, PLLC
841 Highway 90
Bay St. Louis, MS 39520
Tel. (228) 466-0020
Fax. (228) 466-0550

OF COUNSEL:

Zach Butterworth (MSB # 9946)
Gary Yarborough, Jr. (MSB # 102310)
HESSE & BUTTERWORTH, PLLC
841 Highway 90
Bay St. Louis, MS 39520
Tel. (228) 466-0020
Fax. (228) 466-0550